UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROLYNN H.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C20-5847 RAJ

**ORDER REVERSING AND REMANDING DENIAL OF BENEFITS**

Plaintiff seeks review of the denial of her application for Supplemental Security Income Benefits. Plaintiff contends the ALJ erred by rejecting Plaintiff's symptom testimony and the opinions of Bryan Zolnikov, Ph.D. Dkt. 21, p. 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 40 years old, has a GED, and has no past relevant work. Admin. Record ("AR") (Dkt. 19) 23, 166, 291. On March 2, 2018, Plaintiff applied for benefits, alleging disability as of March 1, 2018. AR 163, 166, 264–72. Plaintiff's application was denied initially and on reconsideration. AR 161–92.

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 1

ALJ Allen Erickson conducted a hearing on October 1, 2019, after which he issued a decision finding Plaintiff not disabled. AR 15–25, 76–130. In relevant part, ALJ Johnson found Plaintiff had severe impairments of opioid use disorder, posttraumatic stress disorder, and schizoaffective disorder, bipolar type. AR 17. The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform the full range of work with limitations in understanding and memory, sustained concentration and persistence, social interaction, and adaptation. *See* AR 20. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1–3.

**DISCUSSION**

The Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020).

A. **Plaintiff's Symptom Testimony**

Plaintiff contends the ALJ erred by rejecting her testimony regarding the severity of her symptoms. Dkt. 21, pp. 2–6. Plaintiff testified she experiences auditory hallucinations and intrusive thoughts daily despite taking medications. AR 100, 121. She testified she cannot handle loud noises and men raising their voices. AR 100–01, 115–16. She testified crowds and public places trigger her anxiety. AR 118. Plaintiff testified she does not do much because of her depression and feeling overwhelmed. AR 110.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or other symptoms alleged." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). At this stage, the claimant need only show the impairment could reasonably have caused some degree of the symptoms; she does not have to show the impairment could reasonably be expected to cause the severity of symptoms alleged. *Id.* The ALJ found Plaintiff met this step. AR 20.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet." *Garrison*, 759 F.3d at 1014–15.

The ALJ erred in rejecting Plaintiff's testimony as inconsistent with the medical evidence. The ALJ first reasoned the evidence showed Plaintiff was anxious and depressed, but this was not affecting her functioning to a significant degree. AR 21–22. The records to which the ALJ cited note Plaintiff had normal or concrete thought process, normal thought content at times, auditory hallucinations at others, normal or impaired memory, sad, flat, or calm affect, anxious, normal, or labile mood, and good to poor insight and judgment. *See* AR 931, 933, 940, 943–44, 953, 956, 964, 970–71, 982, 989–90, 994–95, 999, 1003, 1011–12. Absent some more detailed discussion, the ALJ's

reference to these records and blanket statement that they do not show functional limitations is insufficient to justify rejecting Plaintiff's testimony. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) ("It's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible.").

The ALJ further reasoned Plaintiff was stable with mental health treatment. AR 22. But stability with treatment does not mean one can work. An ALJ must consider the medical evidence "with an understanding of the patient's overall well-being and the nature of her symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016). Stability or improvement with treatment does not always mean a claimant can function in the workplace, as "'[t]here can be a great distance between a patient who responds to treatment and one who is able to enter the workforce." *Garrison*, 759 F.3d at 1017 n.23 (quoting *Scott v. Astrue*, 647 F.3d 734, 739–40 (7th Cir. 2011)). As the records cited above show, the most that can be said is that Plaintiff's symptoms fluctuated. The ALJ therefore erred in rejecting Plaintiff's testimony based on a lack of evidence of functional limitations and on a finding of stability with treatment.

The ALJ further erred in rejecting Plaintiff's testimony based on a finding that she was dismissed from treatment and did not seek resumption of care. The ALJ here misread the record, as Plaintiff was not discharged from mental health treatment. Rather, her provider warned her about missing appointments, and developed a plan that would allow Plaintiff to continue receiving her medication if she was discharged from therapy

for poor attendance. *See* AR 940. Plaintiff nonetheless continued to receive mental health counseling through August 7, 2019. *See* AR 929–39.

The ALJ next erred in rejecting Plaintiff's testimony based on a finding that her limitations were largely based on situational stressors. The ALJ based this finding on testimony in which the ALJ asked Plaintiff: "[I]f you didn't have these [family intrusions and interactions] going on, would you be as uncomfortable and stressed as you – as you claim to be?" AR 95. Plaintiff replied, "I don't know." *Id.* From this, the ALJ concluded "[t]his indicates the claimant may feel she can work if her family is not on her mind." AR 22. That conclusion does not flow from Plaintiff's statement or show her limitations were due to situational stressors. The ALJ thus erred in rejecting Plaintiff's testimony on such a basis.

The ALJ last erred in rejecting Plaintiff's testimony as inconsistent with her activities of daily living. The ALJ reasoned Plaintiff could go to the grocery store, and was able to ride on a bus to Idaho. *See id.* Plaintiff testified her sister-in-law takes her shopping, but Plaintiff waits in the car while her sister-in-law goes through checkout. AR 101, 116–17. Plaintiff also testified she rode a bus to Idaho once to visit her son and grandchild, but was extremely uncomfortable and would not make the trip again. AR 101–02. Plaintiff's limited participation in these activities is not inconsistent with her testimony, nor does it justify wholesale rejection of her testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, . . . does not in any way detract from

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 5

her credibility as to her overall disability."). The ALJ therefore failed to give any clear and convincing reasons for rejecting Plaintiff's symptom testimony.

The ALJ's errors in rejecting Plaintiff's testimony were harmful. An error is harmful unless it is "inconsequential to the ultimate nondisability determination." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). The RFC may have included additional limitations had the ALJ properly accounted for Plaintiff's testimony. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040–41 (9th Cir. 2007) (holding the ALJ's RFC assessment and step five determination were not supported by substantial evidence where the RFC and hypotheticals to the vocational expert failed to include all of the claimant's impairments). As such, the ALJ's errors were not inconsequential to the outcome, and were harmful.

**B.  Dr. Zolnikov's Opinions**

Plaintiff contends the ALJ erred by rejecting Dr. Zolnikov's opinions. Dkt. 21, pp. 6–7. Dr. Zolnikov examined Plaintiff in January 2018. AR 457–64. Dr. Zolnikov opined Plaintiff had marked limitations in her ability to perform multiple basic work activities. AR 458–59.

The ALJ found Dr. Zolnikov's opinions unpersuasive. AR 21. Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). Dr. Zolnikov's opinions are contradicted by at least the opinions

of Renee Eisenhauer, Ph.D., so the specific and legitimate standard applies unless the Commissioner's new regulations change this standard. *See* AR 171–74.

The Commissioner argues new regulations promulgated in 2017 change the standard by which the ALJ's reasons for rejecting medical providers' opinions are measured. *See* Dkt. 23, pp. 8–10. In 2017, the Commissioner revised its regulations to eliminate the hierarchy of medical opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Under the new regulations, for claims filed on or after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. § 416.920c(a). The new regulations require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. § 416.920c(a), (b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an ALJ should weigh or evaluate opinions, but rather the standard by which the Court evaluates whether the ALJ has reasonably articulated his or her consideration

of the evidence).

The ALJ found Dr. Zolnikov's opined marked limitations were "not supported by the mental status examination findings discussed by that examiner." AR 21. This reasoning is too vague to withstand review. An ALJ errs when he offers only conclusory reasons for rejecting an opinion. *See Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988); *see also McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (holding the ALJ erred because his reasons for disregarding a doctor's opinions were "broad and vague, failing to specify why the ALJ felt the [doctor's] opinion was flawed"). Dr. Zolnikov found Plaintiff presented with a depressed mood and affect, had suicidal ideation six months prior, endorsed delusional ideation and auditory hallucinations, had poor immediate memory, and had a poor level of insight "for psychosis." AR 459–60. The ALJ's conclusory statement failed to explain why these findings did not support Dr. Zolnikov's opinions, and thus the ALJ erred.

The ALJ's error in rejecting Dr. Zolnikov's opinions was harmful. Had the ALJ properly evaluated Dr. Zolnikov's opinions, he may have included additional limitations in the RFC. *See Lingenfelter*, 504 F.3d at 1040–4. The ALJ's error thus may have affected the disability determination, and was harmful.

C. **Scope of Remand**

Plaintiff cursorily asks the Court to remand this matter for an award of benefits. *See* Dkt. 21, p. 7. Except in rare circumstances, the appropriate remedy for an erroneous denial of benefits is remand for further proceedings. *See Leon v. Berryhill*, 880 F.3d

1041, 1043 (9th Cir. 2017) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014)).  Plaintiff has not analyzed the factors the Court considers before remanding for an award of benefits, nor shown any rare circumstances.  The Court will remand for further administrative proceedings.

On remand, the ALJ shall reevaluate Plaintiff's testimony regarding the severity of her symptoms, and Dr. Zolnikov's opinions.  The ALJ shall reassess Plaintiff's RFC, and all relevant steps of the disability evaluation process.  The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 1st day of June, 2021.

The Honorable Richard A. Jones
United States District Judge